| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: July 17, 2018 12:21 PM<br>FILING ID: 2A728A1C29EFE<br>CASE NUMBER: 2018CV32626 |
| **Plaintiff:** CHRISTOPHER LACEY,<br><br>v.<br><br>**Defendant:** SAFECO INSURANCE COMPANY OF AMERICA, a foreign New Hampshire corporation. | ▲ COURT USE ONLY ▲ |
| *Counsel for Plaintiff:*<br>Jordan S. Levine, Esq., No. 23877<br>Andrew J. Phillips, Esq., No. 40283<br>Sarah G. Freedman, Esq., No. 48356<br>Elizabeth R. Fisher, Esq., 51093<br>4500 Cherry Creek Drive South, Suite 400<br>Denver, CO 80246<br>Phone Number: (303) 333-8000<br>Fax Number: (303) 333-8005<br>Emails: jordan@levlawllc.com<br>andrew@levlawllc.com<br>sarah@levlawllc.com<br>elizabeth@levlawllc.com | Case No.<br><br>Division |
| **COMPLAINT** ||

COMES NOW Plaintiff, Christopher Lacey, by and through his attorneys, Levine Law, LLC, and for his Complaint against Defendant, Safeco Insurance Company of America, a foreign New Hampshire corporation, states and alleges as follows:

## BACKGROUND/GENERAL ALLEGATIONS

1. Plaintiff, Christopher Lacey, (hereinafter "Plaintiff" and/or "Plaintiff Lacey") was a passenger in a 2002 Honda Civic owned by Jessica Dahl which is under a policy of automobile insurance with Defendant Safeco Insurance Company of America, a foreign New Hampshire corporation, Policy Number X5902794. Said insurance policy calls for $250,000.00 in Underinsured Motorist Coverage.

2. At all times relevant hereto, Plaintiff resides at 3011 S. Fairfax Street, Denver, CO 80222.

EXHIBIT A

3. Defendant, Safeco Insurance Company of America, a foreign New Hampshire corporation, (hereinafter "Defendant" or "Defendant Safeco"), is a foreign Illinois corporation, authorized to do business in the State of Colorado, with offices located in the County of Denver, Colorado.

4. Defendant regularly transacts business in the State of Colorado including the County of Denver.

5. At approximately 9:15 p.m. on December 7, 2015, in Arapahoe County, Plaintiff was a restrained passenger in a 2002 Honda Civic, stopped for traffic eastbound on East Arapahoe Road. At that same time and place, Hannah Woodson, driving a 2014 Dodge Durango, failed to stop and rear-ended Plaintiff. The impact was so severe that the 2002 Honda Civic was pushed into the vehicle ahead. The 2002 Honda Civic sustained damage to the entire front and rear ends. Hannah Woodson was cited for "Careless Driving."

6. As a result of the collision, Plaintiff sustained severe injuries including, but not limited to: neck, back, and left arm pain, which said injuries are of a permanent nature and which have caused Plaintiff great pain, suffering, discomfort and emotional distress and which will continue to cause Plaintiff great pain, suffering, discomfort and emotional distress.

7. As a direct and approximate result of Hannah Woodson's negligence and carelessness, Plaintiff has been forced to incur medical bills for treatment in the amount of approximately $80,371.27 and will continue to incur additional medical bills in the future.

8. As a direct and approximate result of Hannah Woodson's negligence and carelessness, Plaintiff has sustained physical impairment.

9. As a direct and approximate result of Hannah Woodson's negligence and carelessness, Plaintiff has sustained and will sustain in the future loss of earnings and loss of earning capacity.

10. At the time of the December 7, 2015, accident, the 2002 Honda Civic being driven by Jessica Dahl was insured under a policy of automobile insurance from Defendant as set forth above.

11. At all times relevant to this action, Hannah Woodson had automobile liability insurance with AllState Insurance with policy limits of $25,000.00.

12. On or about May 2018, AllState Insurance settled its claim with Plaintiff with policy limits of $25,000.00 in full settlement of Plaintiff's claims against Hannah Woodson arising from the December 7, 2015 automobile accident.

13. At all times relevant hereto and at the time of the accident, Jessica Dahl's premiums with Defendant were paid and were/are current. The subject insurance policy was in full force and effect at this time of the accident.

14. Plaintiff promptly notified Defendant of the accident and of the underinsured motorist claim.

15. Upon information and belief, there are no mandatory arbitration provision(s) contained in Jessica Dahl's insurance policy with Defendant.

16. The aforesaid policy of insurance covered Plaintiff for, among other things, Underinsured Motorist benefits up to the amount of $250,000.00 pursuant to C.R.S. 10-4-609.

17. The driver of the vehicle responsible for the accident, Hannah Woodson was underinsured at the time of the accident.

18. Defendant has refused to pay Plaintiff any underinsured motorist benefits whatsoever under the policy Defendant issued to Jessica Dahl on the grounds that Plaintiff's damages sustained in the December 7, 2015.

19. On or about March 7, 2018 Plaintiff, through his attorneys, made a $250,000 policy limits demand for underinsured motorist benefits under Jessica Dahl's policy with Defendant, and provided documentation supporting this Settlement Demand.

20. Defendant has made a minimal offer of $95,000.00 to resolve this claim.

21. Plaintiff and Defendant have been unable to resolve Plaintiff's Underinsured Motorist Claims.

22. Defendant is a for profit insurance company actively doing business in the State of Colorado, including in the County of Denver.

23. This court has jurisdiction over the subject matter of this action and the parties hereto and venue is proper in the County of Denver, State of Colorado as the place where Defendant conducts business.

24. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the county court limitation pursuant to the Colorado Revised Statutes.

### FIRST CLAIM FOR RELIEF
(Breach of Contract – Defendant)

25. Plaintiff incorporates paragraphs 1 through 24 above as though fully set forth herein.

26.	Jessica Dahl has complied with all conditions precedent to coverage under the insurance policy issued by Defendant to Jessica Dahl.

27.	To the extent that Jessica Dahl has failed to comply with any of the contractual obligations, Defendant has not been prejudiced by the failure to comply.

28.	To the extent that Jessica Dahl has failed to comply with any of the contractual obligations, Defendant may not rely on this failure to comply because it breached one or more material obligations under the policy prior to any alleged failure to comply of Jessica Dahl.

29.	At all times relevant to this action, Defendant owed to Plaintiff the implied duty of good faith and fair dealing in the insurance contract.

30.	Defendant has breached its contract with Plaintiff by denying any under insured motorist benefits under the policy.

31.	As a direct and approximate result of Defendant's breach of contract, Plaintiff has incurred damages in the amount to be proved at the time of trial. Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

### SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of the Covenant of Good Faith- Defendant)

32.	Plaintiff incorporates paragraphs 1 through 31 above as though fully set forth herein.

33.	As a provider of insurance services to the public, Defendant at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

34.	Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds. Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to their own interests.

35.	Defendant has breached its duty of good faith and fair dealing owed to Plaintiff, including but not limited to:

   a.	Failing to give equal consideration to the interest of Plaintiff;

      b.    When investigating Plaintiff's claims, failing to diligently search for evidence that supported Plaintiff's claims;

      c.    Seeking to discover only evidence that defeated Plaintiff's claims;

      d.    Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;

      e.    Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

      f.    Refusing to pay claims without conducting a reasonable investigation based upon all available information;

      g.    Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

      h.    Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amounts Plaintiff is entitled to recover;

      i.    Forcing Plaintiff into the costly and lengthy process of litigation;

      j.    Any further acts which may be discovered.

36.    Defendant's aforesaid conduct was unreasonable and Defendant either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

37.    As a direct and approximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has sustained damages in the amount to be proved at trial.

WHEREFORE, Plaintiff prays for the relief set forth below.

### THIRD CLAIM FOR RELIEF
### (Violation of §10-3-1115, and §10-3-1116 C.R.S.A.)

38.    Plaintiff incorporates paragraphs 1 through 37 above as though fully set forth herein.

39.    Defendant's denial of Plaintiff's claim for underinsured motorist benefits is unreasonable.

5

40.   Pursuant to C.R.C.P. 10-3-1116(1), Plaintiff is entitled to reasonable attorney's fees and two times the covered benefit.

WHEREFORE, Plaintiff prays for the relief set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

a. Pursuant to C.R.S. §10-3-1115, Plaintiff is entitled to bring this action and seek the relief requested;

b. Pursuant to C.R.S. §10-3-1116, Plaintiff is entitled to bring this action and to also recover reasonable court costs, plus two times the amount of each first party covered benefit; and

c. For actual damages, pre and post judgment interest on all claims pursuant to the Colorado Revised Statutes, costs, expert witness fees, statutory interest and such other and further relief which this Court deems to be just, fitting and proper.

DATE this 17th day of July, 2018.

**LEVINE LAW, LLC**

Signed original document maintained and available pursuant to Rule 121

/s/
Jordan S. Levine, No. 23877
Andrew J. Phillips, No. 40283
Sarah G. Freedman, No. 48356
Elizabeth R. Fisher, No. 51093
Attorneys for Plaintiff

**Plaintiff's Address**:
3011 S. Fairfax Street
Denver, CO 80222